UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES W. GEE, | ) | |
| | ) | |
| Plaintiff, | ) | CONSOLIDATED ACTION |
| | ) | Civil Case No. 04-1797 (RJL) |
| v. | ) | Civil Case No. 04-2042 (RJL) |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION
(August 19, 2005)[# 6, # 7]

FILED
AUG 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiffs James and Sherry Gee, each proceeding *pro se*, filed suit separately against several defendants alleging that District of Columbia police officers, led by Officer Mark Schaeffer, violated § 1983 when they used excessive force during an arrest of Mr. Gee. The Court consolidated the two actions based on a consent motion. Now before the Court are defendants' motion to dismiss Sherry Gee's complaint and a motion for judgment on the pleadings in James Gee's case. For the following reasons, the Court GRANTS defendants' motion to dismiss and motion for judgment on the pleadings.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a district court should dismiss a complaint for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). The

Court must consider all well-pleaded allegations to be true. *Warren v. D.C.*, 353 F.3d 36, 39 (D.C. Cir. 2004). Additionally, the Court reads *pro se* pleadings more liberally than those filed by attorneys, and the Court tries to discern a cause of action from the record presented. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiffs bring this action under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. This provision allows citizens to bring actions against the government or government officials when their constitutional rights have been violated. In cases alleging excessive use of force incident to arrest, the constitutional right called into question is the Fourth Amendment right to be free from unreasonable seizures.[1] *See Graham v. Connor*, 490 U.S. 386, 394-395 (1989). The Supreme Court has held that this right is violated when the amount of force used is objectively unreasonable under the circumstances.[2] *See id.*

---

[1] The Court assumes that given the benefit of legal counsel, plaintiffs would have explicitly stated the basis for their claim. As *pro se* plaintiffs, they fail to note the specific provision, and the Court infers it on their behalf.

[2] Plaintiffs' apparent attempts to characterize Officer Schaeffer's action as simply the culmination of his continued harassment does not affect the Court's inquiry into the reasonableness of the amount of force used on the occasion that is the subject of this Complaint. The inquiry is objective and Officer Schaeffer's subjective motivation or state of mind is irrelevant. *See Graham*, 490 U.S. at 398-399.

Although § 1983 opens the door to private litigation against the government, some governmental entities and individuals employed by the government may be immune from liability. First, a municipal government is not vicariously liable under § 1983 for the unconstitutional excessive use of force by its agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that municipal governments cannot be held liable under §1983 absent a plan, policy, or deliberate indifference). Second, an officer accused of using excessive force in violation of § 1983 may raise qualified immunity as a defense. *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (discussing when individual officers are entitled to qualified immunity in § 1983 actions). Finally, government officials responsible for the supervision of an officer who allegedly violated § 1983 may also raise qualified immunity as a defense. *Int'l Action Ctr. v. United States*, 365 F.3d 20 (D.C. Cir. 2004) (discussing when superior officers are entitled to qualified immunity in §1983 actions).

**I.     The District of Columbia Government is Not Vicariously Liable Under § 1983**

Section 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell*, 436 U.S. at 692. For a government to be held liable there must be: (1) a constitutional violation; and (2) a link between a municipal policy or custom and the violation. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004). The failure to

3

allege a policy or custom may not be detrimental if the plaintiffs can demonstrate that there was a failure to supervise that constituted a "deliberate indifference towards the constitutional rights of persons in its domain." *Qutb v. Ramsey*, 285 F. Supp. 2d 33, 44 (2003).

The complaints filed by the Gees do not allege sufficient facts to impose vicarious liability upon the District of Columbia government under § 1983. First, neither Mr. Gee nor his wife alleges that there was any relevant policy or custom of the District of Columbia. Therefore, plaintiffs' complaints fail to satisfy the standard set forth in *City of Canton*. Second, the Gees have not alleged any deliberate indifference by the government. The allegations in the complaint amount to no more than a handful of isolated incidents that do not rise to the level of a policy, custom, or deliberate indifference. Accordingly, the District of Columbia municipal government cannot be held liable under § 1983 and the complaints against the District of Columbia government are dismissed.

## II. Officer Schaeffer is Entitled to Qualified Immunity

An officer who was acting under color of law when he affected an arrest may raise qualified immunity as a defense in a § 1983 suit alleging excessive force.[3] *See, e.g., Saucier*, 533 U.S. at 200. To determine whether qualified immunity is available to an officer, the Court must conduct a two-step inquiry. *See*

---

[3] Officer Schaeffer and other DCPD officers were acting under "color of law" because they arrested Mr. Gee in the course of their employment as police officers. *See, e.g. United States v. Classic*, 313 U.S. 299 (1941) (stating that the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.")

4

*id.* at 201-202 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)); *Qutb v. Ramsey*, 285 F. Supp. 2d 33, 47, 48 (D.D.C. 2003). The first step of the inquiry requires the Court to determine, when considering the facts in the light most favorable to the plaintiff, whether a constitutional violation occurred. If there was no violation, the plaintiff's claim lacks merit under § 1983 and should be dismissed without further inquiry into qualified immunity. *Saucier*, 533 U.S. at 201. If, however, the allegations in the complaint are sufficient to establish that there was a violation, the Court must then determine if that right was clearly established. *Id.* The Supreme Court has held that an officer's use of force violates a clearly established right when a reasonable officer would know his use of force was unlawful. *See id.* at 202; *Graham v. Connor*, 490 U.S. at 394-397. If the Court determines that the amount of force applied was objectively reasonable under the circumstances, the officer is entitled to qualified immunity. *Graham v. Connor*, 490 U.S. at 396-397.

The Court finds here that Officer Schaeffer is entitled to qualified immunity because Mr. Gee does not allege any specific facts to establish that the force used during the arrest was so excessive as to violate his constitutional rights.[4] When determining whether the use of force was reasonable, the Court should consider the severity of the crimes, any threat to the officers, and the suspect's attempts to

---

[4] Plaintiffs name other individual officers as defendants, but they fail to allege any specific use of force by these officers. Therefore, plaintiffs have failed to state a claim against the other individual officers insofar as they may have been involved in the alleged use of excessive force and the case is dismissed as to Officer Shedrick, Officer Hamer, Officer Bell, Officer Miller, and Officer Grimes of the District of Columbia Police Department.

evade arrest. *Graham,* 490 U.S. at 396. Mr. Gee's affidavit describes the force used in his June 15, 2004 encounter with the police:

> Officer Schaeffer took my right arm, and twisted it behind my back while Officer #3 took his hand and forcible [sic] bent my neck forward causing me to sustain the injuries [to my back, neck, penis, arm, and head].

James Aff. at 3. (parentheticals omitted). Even in the light most favorable to Mr. Gee, the Court concludes that Officer Schaeffer's role in the arrest did not amount to an objectively unreasonable use of force in violation of Mr. Gee's rights, and the complaint against Officer Schaeffer is thus dismissed.

### III.   Officer Schaeffer's Direct and Indirect Supervisors Are Entitled To Qualified Immunity From Plaintiffs' § 1983 Claims

Superior officials not directly involved in allegedly illegal conduct may also invoke a qualified immunity defense. *See, e.g., Int'l Action Ctr.,* 365 F.3d 20. If, however, there is "an affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by [officials]—express or otherwise—showing their authorization or approval of such misconduct," the superior officials may be liable. *Id.* at 26. Inaction on the part of a supervisor does not constitute an "affirmative link" to create liability unless there is a showing that the supervisor knew or should have known that the harm was likely to occur without supervision, and the superior officer's failure to supervise resulted in that harm. *See Haynesworth v. Miller* 820 F.2d 1245, 1261-1262 (D.C. Cir. 1987). For the following reasons, there is no basis for the plaintiff's claims against various senior District of Columbia officials.

6

Mr. and Mrs. Gee seek to hold the Mayor, Police Chief, Chief Training Officer for DCPD, and the Director of D.C. Public Works responsible for the injuries inflicted upon Mr. Gee. The Court finds that these individuals are immune from liability because the Gees do not allege any facts to demonstrate there was a plan or policy authorizing any misconduct, much less a specific link between these individuals and the incident on June 15, 2004. Moreover, there are no allegations of authorization, approval, or any other affirmative link between the superiors and the alleged use of excessive force. Accordingly, these defendants are entitled to qualified immunity and the claims against them are dismissed.

Finally, with regard to the Gees' mentions of Captain Scott on several occasions in their respective complaints relating to various undated interactions with the police, the Gees fail to specifically allege that Captain Scott knew or had reason to know that Officer Schaeffer was highly likely to use excessive force in the arrest on June 15, 2004. Therefore, the plaintiffs fail to allege any affirmative link between Captain Scott and the incident in question. Accordingly, the Court dismisses the claim against Captain Scott.

## CONCLUSION

For the foregoing reasons, the Court grants the defendants' motions and dismisses these cases in their entirety. An order consistent with this ruling accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge